FILED

03/27/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: AF 07-0064

IN THE SUPREME COURT OF THE STATE OF MONTANA

———————

IN THE MATTER OF THE STATEWIDE
RESPONSE BY MONTANA STATE COURTS
TO THE COVID-19 PUBLIC HEALTH
EMERGENCY

O R D E R

———————

Governor Bullock proclaimed a state of emergency due to the novel coronavirus disease (COVID-19) outbreak in Montana, and on March 13, 2020, President Trump declared a national emergency due to the (COVID-19) outbreak across the United States.

During this state of emergency, the Centers for Disease Control and Prevention and the Montana State Department of Health have recommended increasingly stringent social distancing measures of at least six feet between people, and encouraged vulnerable individuals to avoid public spaces.

Consistent with these recommendations, Governor Bullock has now directed all Montana citizens, unless exempt as providers of essential services, to shelter in place through April 10, 2020. Montana courts are providers of essential services, and as such, the courts shall remain open.

Many court facilities in Montana are ill-equipped to effectively comply with social distancing and other public health requirements; therefore, continued in-person court appearances jeopardize the health and safety of litigants, attorneys, judges, court staff, and members of the public.

Pursuant to the guidelines in this Court's March 13 and March 17 memorandums, many Montana courts have already taken important steps to protect public health while ensuring continued access to justice and essential court services; however, the crisis is

increasing daily and it may become necessary for courts to suspend most in-building operations or otherwise significantly modify their operations.

The increasingly aggressive spread of COVID-19 across Montana requires a uniform, coordinated response from Montana courts to prevent further outbreak and to maintain consistent and equitable access to justice.

This Court's consultation with trial court judges, justice partners and public health authorities confirms the need for further direction from this Court.

The presiding judges across Montana need direction and authority to effectively administer their courts in response to this state of emergency, including authority to adopt, modify, and suspend court rules and orders as warranted to address the emergency conditions. Therefore,

Pursuant to the Court's authority under Article VII, Section 2(2), of the Montana Constitution, and the requirement to administer justice and to ensure the safety of court personnel, litigants, and the public,

IT IS HEREBY ORDERED:

1.     All civil jury trials shall be suspended until after April 10, 2020.

2.     All non-emergency civil matters shall be continued until after April 10, 2020, except those motions, actions on agreed orders, conferences or other proceedings that can appropriately be conducted by telephone, video or other means that does not require in-person attendance.

3.     All emergency matters, including civil protection and restraining order matters, that should be heard before April 10, 2020, must be heard by telephone, video, or other means that does not require in-person attendance, unless impossible. Where court matters must be heard in person, social distancing and other public health measures must be strictly observed. Telephonic, video or other hearings required to be public in courts of record must be recorded, with the recording preserved for the record.

4.     All criminal jury trials are suspended until after April 10, 2020. Trials already in session where a jury has been sworn and social distancing and other public health

measures are strictly observed may proceed or be continued if the defendant agrees to a continuance.

5.     All **out of custody** criminal matters already pending shall be continued until after April 10, 2020, except those motions, actions on agreed orders, conferences or other proceedings that can appropriately be conducted by telephone, video or other means that does not require in–person attendance. Initial appearances on **out of custody** cases filed between today's date and April 10, 2020, shall be conducted by video or telephone if possible. All arraignments on out of custody cases shall be postponed until a date after April 10, 2020. The new arraignment date shall be considered the "initial commencement date" for purposes of establishing the time for trial under speedy trial guidelines.

6.     Courts may enter ex parte no-contact orders when an information, citation, or complaint is filed with the court and the court finds that probable cause is present for a sex offense, domestic violence offense, stalking offense, or harassment offense. Ex parte orders may be served upon the defendant by mail. This provision does not relieve the prosecution of proving a knowing violation of such an ex parte order in any prosecution for violating the order. Good cause exists for courts to extend ex parte orders beyond the initial period until a hearing can be held.

7.     All **in custody** criminal matters shall be continued until after April 10, 2020, with the following exceptions:

a.     Scheduling and hearing of first appearances, arraignments, plea hearings, criminal motions, and sentencing hearings. Courts retain discretion in the scheduling of these matters, except that the following matters shall take priority:

i.     Pretrial release and bail modification motions.

ii.     Plea hearings and sentencing hearings that result in the anticipated release of the defendant from pretrial detention within 30 days of the hearing.

iii.     Parties are not required to file motions to shorten time in scheduling any of these matters.

3

8. Juvenile court jurisdiction in all pending offender proceedings and in all cases in which a petition is filed with the juvenile court prior to April 10, 2020, in which the offender will reach the age of 18 within 120 days of April 10, 2020, shall be extended to the offender's next scheduled juvenile court hearing after April 10, 2020.

9. A continuance of these criminal hearings and trials is required in the administration of justice. Based upon the court's finding that the serious danger posed by COVID-19 is good cause to continue criminal jury trials, and constitutes an unavoidable circumstance, the time between the date of this order and the date of the next scheduled trial date are considered institutional delay when calculating time for trial.

10. The Court finds that obtaining signatures from defendants for orders places significant burdens on attorneys, particularly public defenders, and all attorneys who must enter correctional facilities to obtain signatures in person. Therefore, for all matters covered in Sections 4 and 5, this Order serves to continue those matters without need for further written orders. Additionally:

a. Defense counsel is not required to obtain signatures from defendants on orders to continue criminal matters through April 10, 2020.

b. Courts shall provide notice of new hearing dates to defense counsel and unrepresented defendants.

c. Defense counsel shall provide notice to defendants of new court dates.

11. Bench warrants may issue for violations of conditions of release from now through April 10, 2020. However, courts should not issue bench warrants for failure to appear in-person for court hearings and pretrial supervision meetings unless necessary for the immediate preservation of public or individual safety.

12. Motions for Pre-Trial Release:

a. Courts shall hear motions for pretrial release on an expedited basis without requiring a motion to shorten time. In counties participating in our Pretrial Release Program, public safety assessments will continue to be provided in a prompt manner.

4

b. The Court finds that for those identified as part of a vulnerable or at-risk population by the Centers for Disease Control, COVID-19 is presumed to be a material change in circumstances, and the parties do not need to supply additional briefing on COVID-19 to the court. For all other cases, the COVID-19 crisis may constitute a material change in circumstances and new information allowing amendment of a previous bail order or providing different conditions of release, but a finding of changed circumstances in any given case is left to the sound discretion of the trial court. Under such circumstances in juvenile matters, the court may make revisions to detention provisions without a new detention hearing.

c. Parties may present agreed orders for release of in-custody defendants, which should be signed expeditiously.

d. If a hearing is required for a vulnerable or at-risk person as identified above, the court shall schedule such hearing within five days.

13. Courts must allow telephonic or video appearances for all scheduled criminal hearings between now and through April 10, 2020, unless impossible. For all hearings that involve a critical stage of the proceedings, courts shall provide a means for the defendant to have the opportunity for private and continual discussion with his or her attorney. Telephonic, video or other hearings required to be public in courts of record must be recorded, with the recording preserved for the record.

14. The Court recognizes that there are procedural issues in juvenile, dependency, involuntary commitment, child support, and other matters that may not be encompassed in this Order. Nothing in this Order limits other interested parties in submitting similar orders tailored to the unique circumstances of those matters and any other matters not contemplated by this Order; however, parties are strongly encouraged to contemplate the issues addressed in this Order. Nothing in this Order prevents courts from following specific emergency plans for such matters, including for involuntary commitments and dependent and neglect matters.

15. All courts need to apply the provisions of § 1-6-105, MCA, that provide for the use of declarations rather than requiring notarized affidavits in both civil and criminal

matters. Attorneys are also allowed to make waivers and acknowledgments on behalf of their clients.

16. Nothing in this Order limits the authority of courts to adopt measures to protect health and safety that are more restrictive than this order, as circumstances warrant, including by extending as necessary the time frames in this Order.

17. The Supreme Court may extend the time frames in this Order as required by continuing public health emergency, and if necessary, will do so by further order. This Order and other applicable emergency orders may be deemed part of the record in affected cases for purposes of appeal without the need to file the orders in each case. This Order shall be automatically extended if the Governor extends the shelter in place directive issued on March 26, 2020.

DATED this 27th day of March, 2020.

For the Court,

By _____
Chief Justice